**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-6371**

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

AYANDE YEARWOOD,

Defendant – Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Richard D. Bennett, District Judge.
(1:05-cr-00105-RDB-1; 1:09-cv-02809-RDB)

———————

Submitted:  October 7, 2011          Decided:  October 21, 2011

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————

Ayande Yearwood, Appellant Pro Se.   Paul Michael Cunningham,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ayande Yearwood seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2011) motion and has moved for appointment of counsel. In his § 2255 motion, Yearwood asserted that the motion was timely filed because it was filed within one year of the Supreme Court's issuance of Yeager v. United States, 129 S. Ct. 2360 (2009), and that he was otherwise entitled to equitable tolling of the limitations period. The district court denied § 2255 relief, and granted a certificate of appealability on the Yeager issue. Following our grant of panel rehearing, we have reviewed the record and find that the district court correctly determined that Yearwood's post-conviction limitations period did not begin to run on the date Yeager issued. We thus affirm the district court's order, in part. See Yearwood v. United States, Nos. 1:05-cr-00105-RDB-1; 1:09-cv-02809-RDB (D. Md. Mar. 7, 2011).

The remainder of the district court's order denying § 2255 relief is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would

2

find that the district court's assessment of the constitutional claims is debatable or wrong. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. <u>Slack</u>, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Yearwood has not made the requisite showing. Accordingly, we deny Yearwood's motion for appointment of counsel, affirm the district court's order, in part, and deny a certificate of appealability and dismiss the appeal, in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

3